HASELTINE vs. DUNBAR.

*December 22, 1884 — January 13, 1885.*

*Draft: Conditional acceptance.*

Y., who had a contract with D. to deliver to the latter certain logs at an agreed price, made a draft on D. in favor of H., which was accepted as follows: "Accepted July 15, 1880, payable according to a contract between Y. and D., dated June 26, 1880, for the purchase of a lot of logs on Eau Claire, marked on ends 'F. W. Y.', one half payable when lumber is sawed and put in pile, and one half on 1st day of October, A. D. 1880." *Held*, that the acceptance was conditional, and that upon the failure of Y. to perform his contract, D. was not liable on the acceptance beyond the sum found due from him to Y. on a settlement between them.

APPEAL from the Circuit Court for *Marathon* County.

The facts sufficiently appear from the opinion. The appeal is by the plaintiff from a judgment rendered in his favor upon the report of the referee as modified by the court.

For the appellant the cause was submitted on the brief of *Chas. F. Crosby.* He contended, *inter alia*, that the acceptance was absolute. It is the contract of the acceptor, and should be construed most strongly against him. *Sylvester v. Staples*, 44 Me. 496; *Corbett v. Clark*, 45 Wis. 403. Had he intended to limit his liability to the amount which might thereafter be found due from him to Young it was his duty

to have expressed such limitation or condition clearly in his acceptance. *Corbett v. Clark, supra; Sproat v. Matthews*, 1 Term, 182; Story on Bills, § 240. The words "according to" mean "in accordance with," and by the terms of the acceptance payments were to be made at the same time payments were to be made by the terms of the contract. The court must determine the intention of the parties from the words used. 1 Greenleaf on Ev. secs. 265–267; *Goodard v. Cutts*, 11 Me. 440; *Heywood v. Perrin*, 10 Pick. 230; *Marshall v. Baker*, 19 Me. 402. It must be presumed that the writing contained the whole contract of the parties and no outside condition or limitation can be attached thereto. *Foster v. Clifford*, 44 Wis. 569; Edwards on Bills, 313; *Charles v. Dennis*, 42 Wis. 56; *Hoare v. Graham*, 3 Campb. 57. The reference in the acceptance to the contract was, at best, a reference to the fund out of which the acceptor was to reimburse himself, and is not limited to the proceeds of the contract to become due to Young. *Redman v. Adams*, 51 Me. 433. See, also, *Bull v. Sims*, 23 N. Y. 570; *Kelley v. Mayor*, 4 Hill, 263; *Sylvester v. Staples*, 44 Me. 496; *Cunningham v. Wardwell*, 12 id. 466; *Stackpole v. Arnold*, 11 Mass. 27; *Campbell v. Hodgson*, Gow, 74.

For the respondent there was a brief by *Silverthorn, Hurley & Ryan*, and oral argument by *Mr. Hurley*.

ORTON, J. This action was brought upon the following order and acceptance:

" WAUSAU, July 15, 1880.

" *C. F. Dunbar:* Please pay to C. P. Haseltine & Co. seven hundred and thirty-two and 55-100 dollars, with interest at the rate of ten per cent. from the 1st day of January, 1880, and charge to my account.

[Signed] " FRANK W. YOUNG."

" Accepted July 15, 1880, payable according to a contract between F. W. Young and *C. F. Dunbar*, dated June 26, 1880, for the purchase of a lot of logs on Eau Claire,

marked on ends 'F. W. Y.', one half payable when lumber is sawed and put in pile, and one half on 1st day of October, A. D. 1880.

[Signed]                                "C. F. DUNBAR."

The contract referred to in the above acceptance was substantially as follows: Young sold to *Dunbar* 600,000 feet of logs for four dollars per thousand, and Young was to put them into the river and drive them to a certain saw-mill, at his own cost, and when sawed the amount was to be ascertained by the saw-bill, and when the lumber was in the pile in the yard *Dunbar* was to pay Young at the rate of four dollars per thousand feet, $900 at that time, and the balance October 1, 1880; or, if Young did not conclude to log the next winter, January 1, 1881.

It is very clear that Young did not fulfil this contract. He testified himself that he started to drive the logs in the spring of 1880, and banked some of them, but that a flood came and drove them into the woods, and that in the winter of 1880 he put in 585,000 feet; but, according to his evidence in the printed case, he failed to state when he drove them or any of them to the mill to be sawed. The witness Burns, who was employed to drive the logs, testified that he put in some of them in 1880, and drove them in the spring of 1881, and put in more in 1881 and 1882, and some more after this suit was brought. The defendant testified that there was none sawed in 1880, and only about 302,980 feet sawed up to November 5, 1881. The defendant claimed damages of Young on account of his failure to perform the contract on his part, by which he had lost $4.50 per thousand in profit on the lumber not delivered, and in 1882 the parties had a settlement, and Young agreed to receive for the amount then delivered the sum of $525.49, to be paid to the plaintiff on said order, if he would accept the same, which he, being then present, refused to do, and claimed the whole amount of the order and interest.

These are substantially the facts. The only material facts

are that Young failed to perform the contract, and there was a settlement long after the time of performance fixed in the contract, and the amount adjusted which *Dunbar* was to pay and Young or the plaintiff was to receive for its part performance.

The referee found for the plaintiff the whole amount of the order and interest. The circuit court modified the report of the referee, and rendered judgment for the amount so found due upon the settlement between Young and the defendant, holding that the plaintiff was entitled at least to all that the defendant had so received.

The contention in the case is as to the proper construction of the acceptance, and the law is not disputed. It is contended by the learned counsel of the appellant that the acceptance is absolute, and " one half of the sum is made payable when the lumber is sawed and in pile, and one half on 1st day of October, A. D. 1880." On the other hand, the learned counsel of the respondent contends that the acceptance is made conditional upon the performance of the contract by Young, and upon what he might owe Young under the contract.

The counsel of the appellant evidently misconstrues the acceptance. It is not stipulated in the acceptance that one half shall be payable when the lumber is sawed and in pile, and the other half October 1, 1880. The acceptance undertakes to recite the agreement between Young and the defendant, and as a part of it the payment is to be so made. That is a stipulation in the contract between Young and the defendant, and not of the acceptance. That recitation of the agreement makes certain what is meant by the terms " payable according to a contract," etc., and what follows in the acceptance is the statement in brief of what the contract is. There is not the least uncertainty or ambiguity in the acceptance. The bill is made payable according to that contract and in no other way, and there is no question but that

the contract is an *entirety* in respect to the time when the lumber should be sawed and put in pile. " When said logs shall be manufactured and put in pile," etc., means *all* of said logs. They must *all* be sawed and put in pile before even the first payment of $900 is to be made. If this is not so, then the contract does not provide when the rest of the logs, over and above the $900 in value, shall be sawed, etc. The acceptance is an assumption by the defendant that what he might owe Young on that contract he would pay to the plaintiff, and at the times fixed in that contract when he would be liable to pay Young.

The words " according to " are the strongest and most explicit which could be used to qualify the acceptance and make it conditional upon the performance of the contract. The plaintiff might have insisted upon an absolute acceptance, but he did not, and was satisfied to take one that was clearly conditional upon the state of the defendant's accounts with Young under that contract, and he must have known that the defendant did not then owe Young, and was to become indebted to him only as he performed the contract. Why was the contract referred to and recited in the acceptance, if the acceptance was intended to be absolute. The dates of payment could have been as easily fixed without it. What shall be done with the words " according to a contract between F. W. Young and *C. F. Dunbar?* " Are they nugatory and of no meaning? The construction of the acceptance as conditional upon the contract and its performance, is too clear for further discussion. One of the elements of an absolute acceptance is that the acceptor must be antecedently the debtor to the person for whom he accepts, or admits himself so to be. *Corbett v. Clark*, 45 Wis. 403; Story on Bills, § 239; Edwards on Bills, § 155 and notes.

To apply the conditions above stated, it appears that Young failed to perform his contract according to its terms, and by such failure the defendant deemed himself damaged

to an amount equal to the stipulated value of the lumber delivered, and that the parties then had a settlement and the defendant was found indebted to Young to the amount above stated, and that this he was willing to pay to the plaintiff on his acceptance. It is at least questionable, in legal strictness, whether the defendant was bound to pay anything upon it, for the condition had failed; but, equitably, it was certainly and abundantly fair if he is held to pay for all the lumber that he had received before the commencement of the suit at the price fixed in the contract, and the plaintiff ought not to complain, for he may still hold Young liable for the balance. It would be the greatest injustice to hold the defendant liable, upon such an acceptance, to pay what he did not owe, in discharge of the debt of another.

*By the Court.*— The judgment of the circuit court is affirmed.